UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY IRVING REYNOLDS,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTO GONZALES,<br>United States Attorney General,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-499 (RCL)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Upon consideration of the unopposed Motion [25] to Withdraw Appearance, and the entire record herein, it is hereby

ORDERED that the Motion [25] is GRANTED. The appearance of Camilla C. McKinney is herewith stricken. New counsel not having appeared, plaintiff is now proceeding *pro se*.

Further, defendant has filed a motion to dismiss, or in the alternative, a motion for summary judgment.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise *pro se* plaintiffs of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509. In addition, the Court's local rules state that "[w]ithin 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the

motion as conceded." Local Civil Rule 7(b).

In *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id.* at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). Under Rule 56(e) of the Federal Rules of Civil Procedure,

> (1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> (2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e). Thus, a party, such as the plaintiff, who is adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient. For these purposes, a verified complaint may serve as an affidavit. *See Neal*, 963 F.2d at 457-58.

In accordance, this Court wishes to advise plaintiff that by order filed May 1, **the plaintiff's deadline to oppose defendant's motion is June 9.** If plaintiff does not respond, the Court will treat the motion as conceded and may dismiss the case.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, on May 29, 2008.

2



NIXIE       207   DC 1        00  06/08/08

RETURN TO SENDER
NO SUCH STREET
UNABLE TO FORWARD

BC: 20001289999        *0817-00959-08-30

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
U.S. COURTHOUSE
333 CONSTITUTION AVENUE, N.W.
WASHINGTON, DC 20001

OFFICIAL BUSINESS

Received
Mail Room
JUN - 9 2008
Nancy Mayer Whittington, Clerk
US District Court, District of Columbia