UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **GARY IRVING REYNOLDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-499 (RCL) |
| | ) | |
| **MICHAEL MUKASEY,** | ) | |
| **United States Attorney General,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on defendant's motion [22, 23] to dismiss or in the alternative, for summary judgment, plaintiff's motion [31] to transfer venue, and plaintiff's motion [32] to hold defendant's motion in abeyance pending determination of plaintiff's motion to transfer venue. Upon full consideration of the motions, the entire record herein, and applicable law, plaintiff's motions [31, 32] will be GRANTED for the reasons set forth below, and the Court will order transfer of this case, including defendant's pending motion [22, 23], to the United States District Court for the Eastern District of Pennsylvania.

**I.    BACKGROUND**

Plaintiff Reynolds came before this Court seeking injunctive relief and damages alleging a denial of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"). (Compl. ¶ 1.) Plaintiff claims that the Federal Bureau of Prisons ("BOP") discriminated against him on the basis of race and retaliated against him for engaging in protected activities under the statute. (*Id.*) The U.S. Attorney

1

General, sued in his official capacity, is responsible for administering personnel policies and enforcing equal employment opportunity ("EEO") throughout the Department of Justice ("DOJ").  (*Id.* ¶ 5.)

Plaintiff, an African-American male, began working for the BOP in October 1998 and currently serves as a Medical Officer at a Federal Detention Center in Philadelphia, Pennsylvania.  (*Id.* ¶ 7.)  Between July 2002 and November 2004, four female inmates filed complaints alleging that plaintiff behaved inappropriately during their medical examinations.  (*Id.* ¶¶ 9–11.)  Each allegation was investigated by the Office of Internal Affairs ("OIA") and was found to be either false or unsubstantiated.  (*Id.*)  Even so, certain restrictions were placed on plaintiff's practice of medicine that allegedly interfered with his ability to respond to medical emergencies involving female patients.  (*Id.* ¶ 16.)  Plaintiff filed a formal EEO discrimination complaint in March 2005, believing that the imposition of these restrictions was motivated by racial discrimination.  (*Id.* ¶ 24.)  In September 2005, plaintiff filed a retaliation complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging numerous adverse employment actions by the BOP in response to plaintiff's March 2005 discrimination complaint.  (*Id.* ¶ 35.)  The BOP's alleged retaliatory behavior and attempts to force plaintiff to resign continued through December 2006.  (*Id.* ¶¶ 36–39.)

Plaintiff filed his complaint on March 16, 2007.  On February 12, 2008, defendant filed his motion to dismiss or in the alternative, for summary judgment.  Rather than file an opposition, plaintiff filed a pro se motion on July 11, 2008 to transfer this case to the United States District Court for the Eastern District of Pennsylvania.  Plaintiff also moved to hold defendant's motion in abeyance pending determination of plaintiff's motion to transfer venue.

## II. PROPRIETY OF VENUE IN THE EASTERN DISTRICT OF PENNSYLVANIA

Because plaintiff's Title VII claims arise under federal statutory law, federal subject matter jurisdiction clearly applies. *See* 28 U.S.C. § 1331. Furthermore, plaintiffs "could have exercised personal jurisdiction over the defendant[] by serving the summons at the U.S. Attorney's Office . . . [in] Philadelphia, Pennsylvania pursuant to Federal Rule of Civil Procedure 4(i)." (Pl.'s Mot. to Transfer Venue ¶ 6) (citing FED. R. CIV. P. 4(i)). The statutory scheme in Title VII has a special provision that specifies four bases for venue:

> Such an action may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such action are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any district, such an action may be brought [4] within the judicial district in which the respondent has his principal office. For the purposes of [§1404], the judicial district in which the [defendant] has his principal office shall in all cases be considered a district in which the case might have been brought.

42 U.S.C. § 2000e-5(f)(3) (numbering added). Though this action was properly filed in the District of Columbia, as discussed below, the Eastern District of Pennsylvania is undoubtedly a more suitable venue to resolve the dispute at issue.

The first possible venue set forth in the statute is "any judicial district in the State in which the unlawful employment practice is alleged to have been committed." *Id.* Plaintiff has worked as a Medical Officer at the Federal Detention Center in Philadelphia, Pennsylvania since October 1998, including the period during which the alleged racial discrimination and retaliatory conduct occurred. (Compl. ¶ 7; Def.'s Mot. to Dismiss or for Summ. J. ("Def.'s Mot.") at 2.) Since the (1) alleged discrimination happened in the workplace, (2) plaintiff did and still does work in Pennsylvania, and (3) venue is proper in

3

"any judicial district in the State in which the unlawful employment practice" allegedly occurred, venue is proper in the Eastern District of Pennsylvania. 42 U.S.C. § 2000e-5(f)(3).

Title VII also allows a Court to assign venue based on "where the employment records relevant to [the] action are maintained and administered." *Id.* The Central Office in the District of Columbia does not keep plaintiff's records. (Def.'s Mot. at 2.) Rather, the BOP's consolidated service center in Northern District of Texas holds the official copies of all relevant employment records, and the Federal Detention Center in Philadelphia maintains plaintiff's leave records and electronic personnel data. *Id.* Because leave records and personnel data are relevant to this action and because the actual office of plaintiff's employment likely maintains unofficial copies of all or most employment documents, venue is again proper, according to the statute, in the Eastern District of Pennsylvania.

The third statutory basis for venue assumes that the aggrieved party sought alternate employment as a result of the alleged discrimination and retaliation. *See* 42 U.S.C. § 2000e-5(f)(3). If that is the case, venue may be proper in whichever judicial district "the aggrieved person would have worked but for the alleged unlawful employment practice." *Id.* Because plaintiff still works at the Federal Detention Center in Philadelphia, this basis for establishing venue does not apply.

The statutory scheme in Title VII sets forth the three bases for venue described above, adding that "if the [defendant] is not found within any such district, such an action may be brought within the judicial district in which the [defendant] has his principal

office." *Id.* Defendant correctly asserts that this final basis does not apply as defendant may be found in the Eastern District of Pennsylvania.

As such, venue is proper in the Eastern District of Pennsylvania pursuant to the Title VII statute. 42 U.S.C. § 2000e-5(f)(3). Because the action might have been brought in the Eastern District of Pennsylvania and both parties seek transfer to that Court, this Court will grant the motion to transfer.

### III.     CONCLUSION

For the reasons set forth above, plaintiff's motions to transfer venue and to hold defendant's motion in abeyance will be GRANTED. Accordingly, this Court will order transfer of the case, including defendant's pending motion to dismiss or in the alternative, for summary judgment, to the United States District Court for the Eastern District of Pennsylvania.

A separate Order shall issue this date.


Signed by Chief Judge Royce C. Lamberth on August 13, 2008.